## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| HONORIO TRUJILLO | § | |
| | § | |
| v. | § | No. 6:06-CV-203 |
| | § | |
| ANGELA K. BARROWS, in her | § | |
| official capacity as District Director of the | § | |
| Dallas District Office of U.S. Citizenship | § | |
| and Immigration Services, and U.S. | § | |
| CITIZENSHIP AND IMMIGRATION | § | |
| SERVICES | § | |

## MEMORANDUM OPINION AND ORDER ON
## MOTION TO DISMISS FOR LACK OF JURISDICTION

Came on for consideration this day the Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, to Stay Proceedings, filed by Angela K Barrows, in her official capacity as District Director of the Dallas District Office of U.S. Citizenship and Immigration Services, and U.S. Citizenship and Immigration Services, Defendants (Doc. No. 6). The Court, having considered said motion and the arguments of counsel, finds that this case should be stayed pending resolution of the plaintiff's removal proceedings.

### I. Background

On May 13, 2004, Plaintiff Trujillo submitted his application to become a naturalized United States citizen to the U.S. Citizenship and Immigration Services ("USCIS"), an agency of the U.S. Department of Homeland Security ("DHS"). The USCIS denied Trujillo's application for naturalization based on his failure to demonstrate good moral character from May 13, 1999 (five years before applying for naturalization) onward, as required by 8 U.S.C.

1

§ 1427(a)(1) and (3).  Plaintiff timely appealed that decision and the USCIS affirmed it on January 31, 2006.  Plaintiff then filed suit in this Court on May 5, 2006 under 8 U.S.C. § 1421(c) requesting de novo review of the denial of his application for naturalization.

On June 5, 2006, the DHS field a Notice to Appear with the Executive Office of Immigration Review, U.S. Department of Justice, placing Trujillo in removal proceedings before an immigration judge.  (Defs.'s Ex. 1).  The DHS's Notice to Appear alleges that Trujillo is subject to removal because of a 1994 conviction for unlawfully carrying a weapon.

In response to the Plaintiff's suit, Defendants have filed a Motion to Dismiss for lack of subject matter jurisdiction, or in the alternative, to stay proceedings until the completion of removal proceedings against Trujillo.  The Defendants argue that because Trujillo is currently in removal proceedings, Title 8 U.S.C. § 1429 precludes adjudication of Trujillo's application by the district court during the pendency of removal proceedings.

## II. Discussion

Federal courts are courts of limited jurisdiction. Federal courts have only the power authorized them by Congress pursuant to Article III of the Constitution.  *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 509 (5th Cir. 1997).  Title 8 U.S.C. § 1421(c) of the Immigration and Nationality Act ("INA") grants United States district courts subject matter

jurisdiction to conduct a de novo review of an application for naturalization that has been denied by the proper immigration authorities.[1]  8 U.S.C. §1421(c).

It is undisputed that Trujillo's action meets the requirements for jurisdiction set out in § 1421(b).  Title 8 U.S.C. § 1429, however, provides that the Attorney General, who is granted sole authority to naturalize persons as citizens of the Untied States,[2] is prohibited from considering the naturalization application of any person against whom there is a pending removal proceeding.[3]  *See* 8 U.S.C. § 1429.  The Defendants argue that § 1429 should be read to prohibit district courts, in addition to the Attorney General, from reviewing applications for naturalization where there is a pending removal proceeding.

Section 1421(c) clearly vests jurisdiction in *district courts* to review administrative denials of naturalization applications.  Furthermore, the terms of § 1429 clearly limit the authority of the *Attorney General* to act on pending applications for naturalization when there

---

[1]  8 U.S.C. § 1421(c) states in full:

**(c) Judicial review.** A person whose application for naturalization under this title is denied, after a hearing before an immigration officer under section 336(a) [8 U.S.C. § 1447(a)], may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5, United States Code [5 U.S.C. §§ 701 et seq.]. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

8 U.S.C.S. § 1421(c) (1997) (amended 1990).

[2] 8 U.S.C. § 1421(a) states that "[t]he sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General."

[3] 8 U.S.C. § 1429 states in relevant part that "no person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest issued under the provision of this or any other Act; and no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this or any other Act."

3

is a removal proceeding pending against the applicant.   Importantly, § 1429 does not

reference the district courts or their jurisdiction in any way.   In spite of the clear jurisdictional

language of § 1421(c), and despite any mention of district courts or their jurisdiction in

§ 1429, the Defendants argue that  public policy, legislative history, and case law support

extending  § 1429 to limit the jurisdiction of  district courts in cases like the one at bar.

Prior to amendment in 1990, district courts were delegated exclusive jurisdiction to

naturalize persons as United States citizens. *See* 8 U.S.C.A. § 1421 (1990), *amended by*

Immigration Act of 1990, Public L. No. 101-649, §401(a), 104 Stat. 4978, 5038 (1990).

During this time, § 1429 said: "no petition for naturalization shall be finally heard by a

*naturalization court* if there is pending against the petitioner a deportation [i.e., removal[4]]

proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any

other Act."  8 U.S.C.A. § 1429 (1990) (emphasis added), *amended by* Immigration Act of

1990, Public L. No. 101-649, §407(d)(3), 104 Stat. 4978, 5041 (1990).   Section 1429 was

interpreted as the "priority provision" of the INA and operated to delay naturalization pending

the outcome of deportation proceedings.  *See Shomberg v. U.S.*, 348 U.S. 540, 544 (1955).

The purpose of § 1429 was to end the "race between the alien to gain citizenship and the

Attorney General to deport him."[5]  *Id.*  Accordingly, it has been held that, prior to the 1990

---

[4] A 1996 amendment substituted the word "removal" for "deportation" throughout the INA.  Public L. No. 104-208, §308(e), 110 Stat. 3009-619 to 3009-621 (1996).

[5] A person who has been naturalized cannot be removed, and a person who has been removed cannot be naturalized.  *See Shomberg*, 348 U.S. at 543–44;  *Zayed v. United States*, 368 F.3d 902, 905 n.4 (6th Cir. 2004).

4

amendments, district courts lacked subject matter jurisdiction to consider naturalization applications when removal proceedings were pending against the applicant. *See, e.g., id.*; *Petition of Terzich*, 256 F. 2d 197, 200 (3d Cir. 1958).

When Congress passed the Immigration Act of 1990 and conferred the "sole authority" to naturalize aliens with the Attorney General, *see* 8 U.S.C. § 1421(a), Congress also replaced the words "naturalization court" in § 1429 with "the Attorney General." *See* 8. U.S.C. § 1429. The Attorney General therefore replaced the district courts as the entity precluded from considering naturalization applications while removal proceedings were pending against the applicant.

The primary thrust of the Defendants' argument, therefore, is that Congress did not intend to alter the priority that should be given removal proceedings over naturalization proceedings, and despite the lack of explicit language prohibiting a district court from considering naturalization applications while removal proceedings are pending, this court should give effect to the public policy and intent of Congress.

As acknowledged by the Defendants, courts have considered this question with varied results. Several courts, for instance, have held that § 1429 deprives district court subject-matter jurisdiction to review naturalization applications while removal proceedings are pending. *See, e.g., Apokarina v. Ashcroft*, 232 F. Supp. 2d 414 (E.D. Pa. 2002); *Tellez v. U.S. I.N.S.*, 91 F. Supp. 2d 1356 (C.D. Cal. 2000); *Mosleh v. Strapp*, 992 F. Supp. 874 (N.D. Tex. 1998); *Ogunfuye v. Acosta*, 2005 WL 1607034, *2–3 (S.D. Tex. 2005)(unrep. op); *Rodriguez v. Meissner*, 2005 WL 887709 (N.D. Tex. 2005)(unrep. op.). Other courts have concluded,

however, that they do have jurisdiction to consider naturalization applications even though the applicants are subject to removal proceedings.  *See, e.g., Ngwana v. Attorney General of U.S.*, 40 F. Supp.2d 319 (D. Md. 1999); *Gatcliffe v. Reno*, 23 F. Supp. 2d 581 (D. Vi. 1998); *Saad v. Barrows*, 2004 WL 1359165 (N.D. Tex. 2004) (unrep. op.).

Among circuit courts that have considered this matter, the Sixth and Ninth Circuits have both concluded that district courts do have subject matter jurisdiction to review denied applications for naturalization while removal proceedings are pending against the applicant, while also holding that § 1429 limits the district courts' scope of  review as well as the available remedies.[6]  *See Zayed v. United States*, 368 F.3d 902 (6th Cir. 2004); *Bellajaro v. Schiltgen*, 378 F.3d 1042 (9th Cir. 2004).  These courts reasoned that the text of  § 1429 has no bearing on a district court's jurisdiction to review denials of naturalization applications during the pendency of removal proceedings and that it would be inappropriate fo find otherwise.  *See Zayed*, 368 F.3d at 906; *Bellajaro*, 378 F.3d at 1046.  The *Zayed* court concluded, however, that "[t]he effect of § 1429 . . . is to limit the scope of the court's review and circumscribe the availability of effective remedies, but not to oust the district court of a jurisdiction expressly conferred on it by the very act of Congress that amended § 1429." *Zayed*, 368 F.3d at 906.  *Zayed* went on to observe that "the restraints that § 1429 imposes upon the Attorney General prevent a district court from granting effective relief under § 1421(c) so long as removal proceedings are pending. The exclusive power to naturalize

---

[6] This Court has found no Fifth Circuit authority directly relevant to this question.

6

aliens rests with the Attorney General . . . and § 1429 bars the use of that power while removal proceedings are pending." *Id*.

The Court agrees with the *Zayed* court's rationale. This court clearly has jurisdiction under § 1421 to consider Trujillo's application for naturalization. Nevertheless, because § 1429 bars the Attorney General from acting on an application for naturalization, and because § 1421(a) grants the Attorney General the "sole authority to naturalize persons as citizens of the United States," this Court is without power to order the Attorney General to do something he is otherwise barred by statute from doing. Accordingly, the Court finds that it is appropriate to stay this action until the conclusion of removal proceedings pending against Trujillo.

### III. Conclusion

Based on the foregoing, the Court DENIES the Defendants' motion to dismiss and GRANTS the Defendants' alternative motion to stay these proceedings pending resolution of Trujillo's removal proceedings. It is hereby

ORDERED that the above styled and numbered cause of action is STAYED until such time as this Court receives notice of the resolution of removal proceedings pending against Honorio Trujillo, plaintiff herein. The parties are charged with the duty of providing this Court with timely notice of the conclusion such removal proceedings.

**It is SO ORDERED.**

**SIGNED this 8th day of November, 2006.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE